UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**BETTY ANN WAGNON,**

   Plaintiff,

v.                                                 No. 4:24-cv-01181-P

**KROGER TEXAS, LP,**

   Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiff Betty Ann Wagnon's Motion to Remand. ECF No. 5. The Court will grant the Motion and remand this action to the 48th District Court of Tarrant County, Texas.

## BACKGROUND

Wagnon sued Kroger Texas, LP ("Kroger") in the 48th District Court of Tarrant County, Texas. Wagnon seeks damages for personal injuries she sustained while working as Kroger's employee. ECF No. 1-2 at 2. Kroger removed to this Court, invoking the Court's diversity jurisdiction. ECF No. 1. Wagnon timely moved to remand. ECF No. 5.

## LEGAL STANDARD

A defendant may remove a state court action to federal district court if the district court has original jurisdiction over the case and Congress has not expressly prohibited removal. *Warren v. Fed. Nat'l Mortg. Ass'n*, 55 F. Supp. 3d 915, 916 (N.D. Tex. 2014) (citing 28 U.S.C. § 1441(a)). On a motion to remand, the removing party bears the burden, and the Court resolves all doubts about in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Stanton LLP v. Argonaut Ins. Co.*, No. 3:22-cv-1636-B, 2022 WL 17742622 (N.D. Tex. Dec. 16, 2022) (Boyle, J.); *Lopez-Victorino v. Colburn*, 4:22-cv-00476-O, 2023 WL 2611039, at *2 (N.D. Tex. Mar. 23, 2023) (O'Connor, J.).

## DISCUSSION

The Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332. Wagnon is a citizen of Texas and seeks damages well over the $75,000 watermark. *See* ECF No. 1-2 at 2. Kroger is a citizen of Ohio. ECF No. 1 at 2. Wagnon does not challenge the Court's jurisdiction; instead, she argues that her claims are nonremovable because they arise under the workers' compensation laws of Texas.

In 28 U.S.C. § 1445, Congress made certain kinds of actions nonremovable that would otherwise fall within the district courts' original jurisdiction. Relevant here, subsection (c) provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). "In an effort to control the ever-increasing flow of compensation cases into already strained federal dockets, Congress declared such actions non-removable." *Trevino v. Ramos*, 197 F.3d 777, 781 (5th Cir. 1999).

Wagnon brings a "non-subscriber" negligence claim against Kroger. Under the Texas Workers' Compensation Act (the "Act"), employers face a choice: they may subscribe to an approved workers' compensation insurance policy, or they may forgo coverage and waive certain common-law defenses in any action by an employee. TEX. LAB. CODE § 406.033(a); *El Paso Tool and Die Co., Inc. v. Mendez*, 593 S.W.3d 800, 803 (Tex. App.—El Paso 2019, no pet.). Wagnon argues that because Kroger did not subscribe to a workers' compensation insurance policy that covered her, Kroger may not assert the defenses of "contributory negligence, assumption of risks, or negligence of a fellow employee." ECF No. 1-2 at 4.

In her motion to remand, Wagnon contends that her claim for workplace liability arises under the Act because the Act limits the defenses available to Kroger. ECF No. 5. In response, Kroger argues that Wagnon's claim does not arise under the Act because the Act did not create the cause of action for premises liability. ECF No. 7. The Court must therefore determine whether a non-subscriber claim is an action "arising under the workmen's compensation laws" of Texas.

"Federal law governs the construction of removal statutes." *Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1092 (5th Cir. 1991) (internal citations omitted). The Court looks briefly first at the bare text of the statute. Congress barred removal of a "civil action in any State court arising under the workmen's compensation laws of such State[.]" 28 U.S.C. § 1445(c). Congress did not explicitly limit nonremovable cases to those involving causes of action created by state law. Because Texas's two-option scheme for employers touches all personal-injury actions by employees against employers, those actions "arise under" that scheme, broadly speaking. With this textual first impression in mind, the Court reviews the caselaw on § 1445(c).

The United States Court of Appeals for the Fifth Circuit has interpreted 28 U.S.C. § 1445 broadly to effectuate Congress's policy finding that workers' compensation cases "have little real business in a federal court." *Kay v. Home Indem. Co.*, 337 F.2d 898, 901 (5th Cir. 1964). "Because Congress intended that all cases arising under a state's workers' compensation scheme remain in state court," the Fifth Circuit has "read § 1445(c) broadly to further that purpose." *Jones*, 931 F.2d at 1092. The Court will therefore favor whichever reasonable reading results in remand.

To interpret the words "arising under" in § 1445, the Fifth Circuit has looked to the interpretation of the same phrase in the federal question statute, 28 U.S.C. § 1331.[1] *Id.* In the federal question context, an action arises under federal law when "federal law creates the cause of action or . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28 (1983). Under Justice Holmes's "well-pleaded complaint" rule, a claim does not arise under federal law when the complaint merely "asserts that federal law deprives the defendant of a defense [to a state-law claim] he may raise[.]" *Id.* at 10.

---

[1] "The district courts shall have original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. (Emphasis added.)

If the well-pleaded complaint rule applied to § 1445, Wagnon's claim would not arise under the Act. The Act does not create a cause of action against non-subscribers; it merely deprives non-subscribers of certain defenses. *See Am. Intern. Specialty Lines Ins. Co. v. Rentech Steel LLC*, 620 F.3d 558, 564–65 (5th Cir. 2010). But although "arising under" is used similarly in § 1445 and § 1331, opposite rules of construction are appropriate for each. In § 1331, the presumption is *against* "arising under" federal law; in § 1445, the presumption is *for* "arising under" state compensation law. *Contrast Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (courts presume cases lie outside their jurisdiction) *with Jones*, 931 F.2d at 1092 (courts interpret non-removal statute in favor of remand). For example, when the *Jones* court analogized § 1445 to § 1331, it was choosing the reading of "arising under" that favored remand. 931 F.2d 1091–92.

Besides, the meaning of "arising under" in § 1331 has grown beyond the scope of the well-pleaded complaint rule. *See Smith v. Kan. City Title & Tr. Co.*, 255 U.S. 180, 199–202 (1921) (jurisdiction exists where resolution of state-law claim turns on construction of Constitution or federal law); *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6–8 (jurisdiction exists when federal law completely preempts the law on which the plaintiff's claim is based). If § 1331, which requires strict construction, has expanded beyond the well-pleaded complaint rule, the more liberally construed § 1445 certainly does as well. The Court therefore remains confident that its expansive interpretation of § 1445 follows both the text of the statute and the reasoning of the *Jones* decision.

This is not the first time this Court has held that non-subscriber claims are nonremovable because they arise under the Act. Judge Means reached that conclusion thirty years ago, reasoning that Texas businesses who hire employees have "no choice but to comply with the workers' compensation law." *Dean v. Tex. Steel Co.*, 837 F. Supp. 212, 214 (N.D. Tex. 1993) (Means, J.). He concluded that "a negligence action brought by an employee against an employer is commenced pursuant to Texas workers' compensation law, even if it is not within the workers' compensation system." *Id.*

4

Our sister courts seated in Texas have often reached the same conclusion. "By opting to hire workers in Texas, Defendant made the choice to depart the general common-law tort system." *Figueroa v. Healthmark Partners, L.L.C.*, 125 F. Supp. 2d 209, 211 (S.D. Tex. 2000) (internal citation and quotation omitted). Because of the "comprehensive nature of the Texas workers' compensation scheme," a non-subscriber action "is one arising under the workers' compensation laws of Texas." *Id.* at 211–12 (cleaned up). The District Court for the Eastern District of Texas agreed with *Dean* and *Figueroa* in *Smith v. Tubal-Cain Industries, Inc.* 196 F. Supp. 2d 421, 423 (E.D. Tex. 2001). The District Court for the Southern District of Texas concurred, adding that "the restriction [in § 1445(c)] aims to protect the plaintiff, and non-consenting defendants, from having the plaintiff's choice of a state-court forum disturbed." *Ernewayn v. Home Depot U.S.A., Inc.*, No. EP-12-CV-00387-DCG, 2012 WL 12878298, *6 (S.D. Tex. Dec. 3, 2012) (internal citation omitted). The Court agrees with the reasoning of its sister courts in those cases.

In opposition to remand, Kroger cites the Fifth Circuit's decision in *American Intern. Specialty Lines Ins. Co. v. Rentech Steel LLC*, 620 F.3d 558, for the proposition that non-subscriber claims do not arise under Texas compensation law.[2] (5th Cir. 2010). *Rentech* held that a non-subscriber's liability to an employee arose under the common law and was therefore not an obligation "under . . . any workers' compensation . . . law" within the meaning of an umbrella insurance policy. 620 F.3d at 560–61, 570. It did not hold, however, that non-subscriber claims arise under the common law within the meaning of § 1445. To the contrary, the Fifth Circuit distinguished its decision from three district-court decisions that reached the same conclusion the Court does today. *Id.* at 569.

---

[2] Several of the decisions from federal district courts in Texas have cited *Rentech* to support the conclusion that non-subscriber claims do not arise under Act for removal purposes. *See, e.g., Kaspar v. Ryder Integrated Logistics, Inc.*, No. EP-20-CV-00245-RFC, 2020 WL 6741654, at *2 (W.D. Tex. Nov. 17, 2020). Because the Court does not read *Rentech* as Kroger does, those cases are unpersuasive.

In fact, the reasoning in the *Rentech* decision illustrates well why the Court reaches a different result today: "[T]he section 1445(c) cases . . . remain an imperfect litmus test for . . . the case before us. This is because of the deference courts afford to the congressional intent behind the removal statute, which is not applicable here." *Id.* (cleaned up). Contrary to the argument of Defendants and the undersigned's colleagues in this Court and sister courts, *Rentech* does not support the decision to allow removal of non-subscriber claims.

Kroger also cites to a string of cases in this District holding that non-subscriber cases do not arise under Texas compensation law. *See Eurine v. Wyatt Cafeterias, Inc.*, No. 3-91-0408-H, 1991 WL 207468 (N.D. Tex. Aug. 21, 1991); *Pyle v. Beverly Enterps.-Tex., Inc.*, 826 F. Supp. 206 (N.D. Tex. 1993); *Morris v. Home Depot U.S.A., Inc.*, No. 3:10-cv-2289-B, 2011 WL 711047 (N.D. Tex. Feb. 28, 2011); *Muse v. Kroger Texas, L.P.*, 3:14-cv-3225-N, 2015 WL 11022866 (N.D. Tex. Mar. 3, 2015). The undersigned acknowledges that the judges of this District have reached conflicting answers to the present question. But rather than count which side has more cases, the Court instead adopts the heuristic of its sister court in the Western District of Texas, which reasoned as follows:

> Because our sister courts are split on the issue and this Circuit has not expressly ruled on the issue, the Court finds that ambiguity exists as to whether the instant action is in fact removable. Consistent with the underlying policy of Section 1445(c), as well as this circuit's reasoning that "any ambiguities are construed against removal," the Court concludes that the instant action is not removable, and the case therefore must be remanded.

*Ernewayn*, 2012 WL 12878298 at *8 (citing *Manguno*, 276 F.3d at 723).

Besides, several of Kroger's cases are distinguishable. For example, *Pyle* did not involve § 1445; it was about whether the plaintiff's claim was preempted by ERISA. 826 F. Supp. at 209. *Morris* mistakenly relied on *Rentech* as Kroger does. 2011 WL 711047, at *2–3. And *Eurine* failed to consider the distinct standards of construction that apply to § 1331 and § 1445. 1991 WL 207468, at *1–2.

6

Therefore, although the Fifth Circuit has not directly addressed the application of § 1445 to non-subscriber cases, and although some cases in this District have held otherwise, the Court rests its conclusion today on solid ground. The precedent in this circuit is clear: district courts should interpret § 1445—and all removal statutes—broadly in favor of remand. Negligence actions by employees against their non-subscribing employers are actions "arising under" the compensation laws of Texas. Simply put, cases such as this do not belong in federal court.[3]

---

[3] Although Kroger food stores have been ubiquitous across the state of Texas for at least half a century, it is safe to say that Kroger has rarely refrained from removing state law cases to federal court. From the smallest slip-and-fall to minor workers' compensation disputes like this one, Kroger apparently does not trust our Texas state courts to follow the law. Indeed, based on this Court's informal review, Kroger easily ranks in the top defendants by number of cases in the Fort Worth Division of the Northern District of Texas.

The undersigned does not practice law anymore but must nevertheless question the wisdom of Kroger removing all its state cases to federal court. After service as a judge on a Tarrant County District Court and the Second Court of Appeals, the undersigned has uniformly found state juries and judges to be diligent, intelligent, and fair. Certainly, federal removal should never be used by litigants for gamesmanship purposes or to delay litigation in relatively small cases. Indeed, the Court has no doubt that this minor employment dispute can be resolved quickly and without any bias or prejudice toward Kroger in Tarrant County District Court.

The courts of Tarrant County are certainly more skilled and better equipped than this Court to handle this state law dispute. As both the undersigned and Judge O'Connor recently pointed out, the Fort Worth Division is very busy, and the Fort Worth Division handles 2–3 times the cases of the Dallas Division. *See Chamber of Com. of U.S. v. Consumer Fin. Prot. Bureau*, 733 F. Supp. 3d 558, 564 n.3 (N.D. Tex. 2024); *X Corp. v. Media Matters for Am.*, No. 4:23-CV-01175-O, 2024 WL 1895255, at *7 (N.D. Tex. Apr. 26, 2024) (O'Connor, J.). Deciding motions to remand in cases like this one diverts the Court's scarce resources from cases involving federal questions.

As the old saying goes, "don't make a federal case of it." *Don't Make a Federal Case of It*, MERRIAM-WEBSTER.COM. Practically speaking, not every case or controversy belongs in federal court, even when the federal court has diversity jurisdiction. *See* THE FEDERALIST NO. 17 (Alexander Hamilton, writing as "Publius") (explaining that under the Constitution, "the ordinary administration of criminal and civil justice" would be left to the states); *Cf.* Letter from Thomas Jefferson to James Madison (Mar. 15, 1789), in *The Life and Selected Writings of Thomas Jefferson* 426 (Adrienne Koch & William Peden, eds., 2004 Modern Library Paperback ed.) (1944) (the federal "judiciary . . . is a body, which, if rendered independent and kept strictly to their own department, merits great confidence for their learning and integrity").

7

## CONCLUSION

The Fifth Circuit does not "strain to find a way to entertain" workers' compensation cases, and neither will this Court. *See Trevino*, 197 F.3d at 781; *Kay*, 337 F.2d at 901. Because Wagnon's action arises under the workers' compensation laws of Texas, it was improperly removed. The Court therefore **GRANTS** Wagnon's Motion and **REMANDS** this action to the 48th District Court of Tarrant County, Texas. The Clerk is **DIRECTED** to mail a certified copy of this Order to the District Clerk of Tarrant County, Texas.

**SO ORDERED** on this **8th day of January 2025.**

*[signature]*

Mark T. Pittman
UNITED STATES DISTRICT JUDGE